UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 6: 02-056-DCR |
| Plaintiff, ) | and |
| ) | (Lexington Criminal Action No. 5: 03-091) |
| V. ) | |
| ) | |
| JAMES R. COPE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

In 2002, Defendant James Cope was sentenced to 120 months of imprisonment for conspiring to distribute marijuana, manufacturing marijuana, and distributing marijuana. *See United States v. Cope*, Criminal Action No. 02–56, 2010 WL 4629618, at *2 n.1 (E.D. Ky. Nov. 8, 2010). He was subsequently convicted of: (1) attempting to manufacture and possessing with intent to distribute methamphetamine; (2) possessing pseudoephedrine and equipment, products, and materials with knowledge that those items would be used to manufacture methamphetamine; and (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). [Record No. 143, pp. 1-2] His second conviction resulted in a sentence of 188 months of imprisonment to run consecutive to his earlier sentence. *Cope*, 2010 WL 4629618, at *2. Cope was later convicted for soliciting the murder of the Assistant United States Attorney responsible for prosecuting the marijuana case. He was sentenced to 240 months of imprisonment for that crime, consecutive to his drug-related sentences. [Record No. 204, pp. 3-4]

In 2010, Cope filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He alleged ineffective assistance of counsel and prosecutorial misconduct, but that motion was denied. *Cope*, 2010 WL 4629618, at *2.

Recently, Cope filed motions for compassionate release in two cases pursuant to 18 U.S.C. § 3582(c)(1)(A). [Record No. 204] He contends that his age, the time he has served in custody, and his medical conditions justify release. [*Id.* at 6.] Cope's medical conditions include arthritis, glaucoma, cataracts, farsightedness, type-2 diabetes, high blood pressure, PTSD, and a need for dentures. [*Id.* at 7-11.] Cope asserts that his health conditions constitute extraordinary and compelling reasons to justify compassionate release and that the possibility of contracting the COVID-19 virus continues to present a "significant risk for a man of [his] age and physical condition." [*Id.* at 10.] The United States objects to the motion, arguing that Cope has failed to demonstrate extraordinary and compelling reasons for release and that the 18 U.S.C § 3553(a) factors weigh against granting the relief sought. [Record No. 211]

The evaluation of a motion seeking compassionate release involves a three-step process. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). A court must first consider whether "extraordinary and compelling reasons warrant a sentence reduction" and, if so, whether a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission."[1] *Id*. If these two questions are answered in the affirmative, the Court then "consider[s] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id*.

---

[1] The Court is not bound by United States Sentencing Guideline § 1B1.13 when a defendant files a motion for compassionate release directly, as opposed to when the Bureau of Prisons seeks relief on a prisoner's behalf. *Elias*, 984 F.3d at 518.

Courts have discretion to reduce the defendant's term of imprisonment if the three requirements are met, but a reduction is not obligatory. *Id*.

One court has interpreted the phrase "extraordinary and compelling" to mean "beyond what is usual, customary, regular or common" or a reason "so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, No. 14-cr-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (citation omitted). And as the undersigned has explained, the sentencing court may also "'permissively consider' the [United States Sentencing Guideline] § 1B1.13 policy statement 'as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release.'" *United States v. Dukes*, No. 10-078, 2022 WL 1478193, at *2 (E.D. Ky. May 10, 2022) (quoting *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021)). Section 1B1.13 illustrates situations that may be considered extraordinary and compelling reasons. For example, a defendant's terminal illness (or other serious condition that prevents him from caring for himself) or the death or incapacitation of the caregiver of his minor children may be sufficient under this analysis.

Here, Cope primarily relies on a section that reads "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S. Sent'g Guidelines Manual §1B1.13 cmt. n.1 (U.S. Sent'g Comm'n 2021). The parties agree that Cope is over sixty-five years old and has served more than ten years in prison, but the United States disputes whether Cope's health is seriously deteriorating because of the aging process. [*See* Record No. 211, p. 711.]

"What constitutes a 'serious deterioration' admits of some ambiguity." *United States v. Shepard*, No. 07-85, 2021 U.S. Dist. LEXIS 41060, at *19-20 (D.D.C. Mar. 4, 2021). But

- 3 -

courts tend to require a defendant to show his condition is sufficiently severe under U.S.S.G. §1B1.13 cmt. n.1(B). *See, e.g.*, *Shepard*, 2021 U.S. Dist. LEXIS 41060, at *14-24 (denying compassionate release of a 77-year-old who served "well over 10 years of his sentence" despite him suffering "from a bevy of health problems, including skin cancer, obesity, high blood pressure, and lung problems associated with his history of smoking"); *United States v. Gross*, No. 04-CR-32, 2019 U.S. Dist. LEXIS 97933, at *8 (E.D. Wash. June 11, 2019) (denying compassionate release because "all of the impairments that Defendant submits for the Court's consideration allegedly are complications from his detached retina, a condition that Defendant does not demonstrate as being related to the aging process"). *Cf. United States v. Clyne*, No. 16-cr-115, 2019 U.S. Dist. LEXIS 123505, at *1-2 (D. Idaho July 22, 2019) (granting compassionate release to a 72-year-old defendant who "had several heart attacks, had a pacemaker implanted, and [could] only walk with the aid of a walker," and the medical staff "had a difficult time getting his blood pressure and heart rhythm under control").

In this case, Cope has not alleged that arthritis, a need for dentures, glaucoma, cataracts, farsightedness, type-2 diabetes, high blood pressure, and post-traumatic stress disorder constitutes a serious deterioration caused by the aging process. His work "in the Recreation Department for many years, among other things maintaining the softball field and serving as Commissioner of some inmate sports leagues" bolsters this conclusion. [*See* Record Nos. 204, 211.] But the record does not show that Cope's medical conditions constitute extraordinary and compelling reasons warranting a sentence reduction.

Cope also contends that his medical ailments, in combination with the possibility of contracting the COVID-19 virus, justify his release. [Record No. 204, p. 10] The United States Court of Appeals for the Sixth Circuit has held that a "defendant's incarceration during the

- 4 -

COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). Additionally, that court "has noted that district courts may consider . . . '(a) whether "the defendant is at high risk of having complications from COVID-19" and (b) whether "the prison where the defendant is held has a severe COVID-19 outbreak,"' although they are not required to do so." *United States v. Gibson*, No. 14-074, 2021 WL 4768244, at *2 (E.D. Ky. Oct. 12, 2021) (quoting *United States v. Biggs*, 858 F. App'x 916, 917 (6th Cir. 2021)).

Cope received the Moderna vaccine in April 2021, and a second dose in May 2021. Additionally, he received a booster vaccine in November 2021. [Record no. 204, p. 10] His reliance on his age and diabetes is also unconvincing. *See United States v. Keys*, No. 21-2731, 2022 WL 2837804, at *1 (6th Cir. Mar. 15, 2022); *United States v. Davis*, No. 22-1319, 2022 WL 13638659, at *2 (6th Cir. Sept. 7, 2022); *United States v. Alokwu*, Nos. 21-2676/2677, 2022 WL 2398892, at *2 (6th Cir. Jan. 11, 2022); *Gibson*, 2021 WL 4768244, at *1. Based on the foregoing, the undersigned concludes that Cope's concern that his medical conditions put him at higher risk if he were to contract the COVID-19 virus is not an extraordinary and compelling reason to warrant compassionate release.

Further, the factors to be considered under 18 U.S.C. § 3553(a) do not weigh in favor of a sentence reduction. Cope's crimes were extremely serious. In one matter, he "offered to pay a fellow inmate $10,000 to murder the" Assistant United States Attorney who prosecuted his case. [Record No. 211] Cope suggested using Ricin to facilitate the murder and "bragged" about shooting "two men—one of whom died from his wounds—who stumbled on his

marijuana plants." [*Id.*] A substantial sentence is needed to promote the objectives listed under § 3353(a)(2), particularly affording adequate deterrence and protecting the public from the defendant's potential future crimes.[2] Having reviewed the defendant's motion and the § 3553(a) factors, the Court remains convinced that the sentence originally imposed is sufficient but not greater than necessary.

      Accordingly, it is hereby

      **ORDERED** that the defendant's consolidated motion for compassionate release pertaining to London Criminal Action No. 6: 02-056 [Record No. 204], and Lexington Criminal Action No. 5: 03-091 [Record No. 231], is **DENIED**.

      Dated: December 20, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

[2] The United States contends that "[t]he prosecutor [that Cope] threatened fears for his safety," and will be forced to "take steps to protect himself and his family" if Cope is ever released. [*Id.*]